

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 31, 1977

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas

Opinion No. H- 968

Re: Use of Harris County
road bonds in connection
with a project to be
constructed by the Texas
Turnpike Authority.

Dear Mr. Resweber:

You have requested our opinion regarding the use of
Harris County road bonds for a project to be constructed by
the Texas Turnpike Authority.

On December 22, 1965, the Harris County Commissioners
Court adopted an order calling for a Road Bond election to
be held on January 29, 1966. The order stated that the bonds
would be used

> for the purpose of the construction,
> maintenance and operation of macadamized,
> graveled or paved roads and turnpikes, or
> in aid thereof, within and for said county,
> the proceeds of sale of said bonds to be
> expended for the acquisition of right of
> way and expenses incidental thereto for
> [county roads and state highways and farm-
> to-market roads], provided that after the
> acquisition of said right of way for, and
> the completion of construction of said
> named roads and turnpikes, any proceeds
> remaining shall be used for the general
> purpose of the construction, maintenance and
> operation of macadamized, graveled or paved
> roads and turnpikes, or in aid thereof, within
> and for said county . . . .

On January 27, 1966, two days prior to the election, the
Commissioners Court issued an order specifying how the bond

proceeds would be spent.   Included in this order is a reference
to the "Outer Belt," a circumferential route approximately
12 miles from the center of Houston and now designated as
"Beltway 8."   The bond issuance was approved by the requisite
number of voters.   The Commissioners Court now proposes to
adopt a resolution authorizing the Texas Turnpike Authority
to construct a portion of Beltway 8 as a toll facility, and
applying the 1966 Road Bond proceeds to the purchase of
right-of-way for the project.

It is well estalbished that the proceeds from bonds
approved by the electorate must be expended in accordance
with the purposes for which the bonds were voted.  Barrington
v. Cokinos, 338 S.W.2d 133, 142-43 (Tex. 1960); Lewis v.
Fort Worth, 89 S.W.2d 975, 978 (Tex. 1936).   In this instance,
the order calling for the bond election recited that the proceeds
were "to be expended for the acquisition of right of way and
expenses thereto for [named county roads and state highways and
farm-to-market roads]."   Although "any proceeds remaining"
may be used for the "construction, maintainence and operation"
of "turnpikes," the term turnpike as used in the election order
does not necessarily refer to toll roads.  Adams v. Mullen,
244 S.W. 1083 (Tex. Civ. App. -- San Antonio 1922, writ ref'd).
Neither the December 22 nor the January 27 order, nor any infor-
mation released by the Commissioners Court at the time of the
election indicate any contemplation that the "Outer Belt"
would be built as a toll facility.   Even several years
thereafter, the "Outer Belt" was conceived as part of the
free state highway system by both the Commissioners Court and
the State Highway Commission.  See Transcript of Hearings before
the Highway Comm'n, June 12, 1968, and March 6, 1969, and
Minute Order No. 62067, March 7, 1969.

In Fletcher v. Ely, 53 S.W.2d 817 (Tex. Civ. App. --
Amarillo 1932, writ ref'd), the court emphasized that the
intent of the parties to a bond election, as in all contracts,
is "the dominant ruling factor."   Such intent should be examined

> in the light of the circumstances surrounding
> the parties at the time. . . .

Id. at 818.   In Attorney General Opinion H-567 (1975), we
considered whether proceeds from the sale of bonds authorized
by the voters of an improvement district could be used to
purchase a portion of the capacity in a regional waste dis-
posal system, where the district would neither own nor operate
any part of the facilities.  We concluded that such use of the

bond proceeds "was not within the contemplation of the electorate when it authorized the District to issue bonds."

In our opinion, the voters of Harris County could not have contemplated the construction of a toll facility in approving the issuance of bonds for the acquisition of right-of-way for the "Outer Belt."  As we have noted, the Commissioners Court gave no such indication at the time of the election and for several years thereafter.  There were no toll roads in Harris County in 1966, and the toll road concept is sufficiently different from the traditional means of financing highway construction in Harris County that it is, in our opinion, unreasonable to believe that the voters could have believed at the time that they were approving the purchase of right-of-way for roads whose construction would be financed by the toll method.  It is our opinion, therefore, that the Harris County Commissioners Court is not authorized to expend 1966 Road Bond funds for acquisition of right-of-way for Beltway 8 as a toll facility to be constructed by the Texas Turnpike Authority.

### S U M M A R Y

The Harris County Commissioners Court is not authorized to expend 1966 Road Bond proceeds for acquisition of right-of-way for Beltway 8 as a toll facility to be constructed by the Texas Turnpike Authority when such a purpose was not in the contemplation of voters approving the bond issue.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml